UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

VIRGINIA SUE COUNTERMAN,  :  Case No. 04-25818T
    *Debtor(s)*
                                          :

                                          :

**ORDER**

AND NOW, this 10th day of May, 2005, it is ORDERED that Debtor's motion to avoid the judicial lien held by Doris Schroettner is GRANTED as the court finds that the judicial lien held by Ms. Schroettner must be avoided under 11 U.S.C. §522(f)(1) since it impairs an exemption in "household goods" to which Debtor would have been entitled under 11 U.S.C. §522(b).  See Lindsey v. Spagnol (In re Lindsey), 313 B.R. 390 (Bankr. W.D. Pa. 2004).[1]

Reading, PA

                                                      THOMAS M. TWARDOWSKI
                                                      United States Bankruptcy Judge

---

1. None of the allegations raised by Ms. Schroettner in her letter brief (which include allegations that Debtor concedes that she failed to pay pre-petition rent owed to Ms. Schroettner, that Ms. Schroettner obtained a judgment for possession of the leased premises and had Debtor forcibly removed from the leased premises by a Constable prior to Debtor's bankruptcy filing, that Debtor vacated the leased premises but failed to remove her personal property, that Ms. Schroettner obtained a writ of execution prior to Debtor's bankruptcy filing, that the execution sale was thereafter stayed by Debtor's bankruptcy filing and that the Trustee directed Debtor to amend her Schedules I, J, B and C) are relevant to the issue presently before me, which is whether Debtor may avoid the judicial lien held by Ms. Schroettner under 11 U.S.C. §522(f)(1). In addition, we note that neither Ms. Schroettner nor any other party in interest filed an objection to the exemptions claimed by Debtor.  See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992).